Filed 6/23/22  P. v. Sanchez CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B316100 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA494189) |
| v. | |
| FERNANDO SANCHEZ, | |
| Defendant and Appellant. | |

THE COURT:

Fernando Sanchez (defendant) appeals following his conviction for possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)).[1]  Before he pleaded nolo contendere,

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

defendant moved to suppress evidence of the firearm.  The trial court denied the motion.

After review of the record, defendant's court-appointed counsel filed an opening brief asking this court to review the record independently pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We have reviewed the record and see no arguable error that would result in a determination more favorable to defendant.  We therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

I.     **Facts**

A.     ***The encounter and arrest***

On the evening of March 18, 2021, defendant, his girlfriend, and her baby were standing next to defendant's car on the street.  Los Angeles Police Department (LAPD) Officer Kenny Pintado was driving a patrol car; also in the car were his partner, LAPD Officer Arnold Nerio, and Probation Officer Kenneth Huang.  The police officers recognized defendant from prior interactions.

Officer Pintado pulled the patrol car to within a few feet of defendant, and both police officers engaged him in conversation while they remained seated in the patrol car.  As the conversation progressed, defendant "got nervous," "started stuttering" "slightly," and then started "looking side to side" while "backing away from [the police] vehicle."  When Officer Pintado asked defendant to "lift up [his] shirt," defendant refused, announced he did not have a weapon on him, backed away further and then grabbed his waistband.  Officer Pintado then asked if defendant was going to make the officers get out of the car; defendant responded, "Yes," and took off running down the street.

While fleeing, defendant tripped, fell to the ground, and got back up to run; when defendant fell, the officers heard a loud metallic clanking sound.  Officer Nerio saw an object in defendant's hand just before he tripped and fell.

Both police officers then got out of the car and gave chase.  Defendant was apprehended about one block away.

A firearm was found in the vicinity of where defendant had fallen.

### B.    *Defendant's motion to suppress*

Defendant moved to suppress evidence of the firearm, arguing the police's recovery of the weapon was the fruit of an unreasonable search.

At the hearing on defendant's motion, both officers testified to the facts set forth above.  Defendant's girlfriend also testified, stating that what defendant dropped was a cell phone, not a gun.

The trial court denied defendant's motion, reasoning that defendant was not detained because he was free to walk away and because he never submitted to any show of lawful authority by police; instead, he flouted any such show by fleeing.

### C.    *Plea and sentence*

Following denial of his motion, defendant pled no contest to the firearm possession count.  The court sentenced defendant to the upper term of three years in state prison, but suspended execution of the sentence and placed him on probation for two years.  He was ordered to serve 166 days in county jail and was given credit for time served.

### D.    *Appeal*

Defendant filed a timely notice of appeal.

## DISCUSSION

We appointed appellate counsel for defendant.  His

appointed counsel filed a brief pursuant to *Wende*, *supra*, 25 Cal.3d 436, raising no issues. We gave notice to defendant that his counsel had failed to find any arguable issues and that defendant had 30 days within which to file a supplemental brief or letter. Defendant filed nothing. We have reviewed the entire record and, finding no arguable issues, affirm the judgment.

The sole possible issue on appeal is that the trial court erred in denying defendant's suppression motion. We independently review such denials, but review any factual findings in support of such denials for substantial evidence. (*People v. Simon* (2016) 1 Cal.5th 98, 120; *Robey v. Superior Court* (2013) 56 Cal.4th 1218, 1223; *People v. Silveria and Travis* (2020) 10 Cal.5th 195, 232 [appellate court must defer to trial court's implied factual findings on a motion to suppress if they are supported by substantial evidence].)

The Fourth Amendment and California's counterpart protect the public from unreasonable searches and seizures. (U.S. Const., 4th Amend.; Cal. Const., art. I, § 13.) If there is no "search" or "seizure," the Fourth Amendment's protections simply do not apply. The question here is whether defendant was "seized" at the time he dropped the firearm; if he was not, the firearm could not possibly be the fruit of an unlawful seizure.

So was defendant seized when he dropped the gun? The U.S. Supreme Court said "no" more than 30 years ago in *California v. Hodari D.* (1991) 499 U.S. 621 (*Hodari D.*). In *Hodari D.*, the court refined the definition of "seizure" to require proof that (1) a reasonable person in the defendant's situation would not feel free to leave or terminate the encounter with police, *and* (2) the defendant (a) was touched by police, or (b) submitted to a show of lawful authority by the police. (*Id.* at pp.

4

624, 629; accord, *Brendlin v. California* (2007) 551 U.S. 249, 254.)
Under *Hodari D.*, a suspect who discards items while ignoring
police commands is not "seized" (if he has not been touched).
(*Hodari D.*, at pp. 623-629 & fn. 2.)  These are precisely the facts
here:  Defendant ignored police requests to lift his shirt and stay
where he was; at the time he dropped the gun, he was *ignoring*
the show of lawful authority by the LAPD officers, not *submitting*
to it.  Because defendant was never "touched" by the officers, he
was never "seized," and the gun was not the fruit of an unlawful
seizure.

Although substantial evidence supports the officers'
testimony that defendant dropped a gun while fleeing,
defendant's motion was properly denied even if we credit the
girlfriend's testimony that defendant never had a gun at all.  If
that were true, then defendant had no expectation of privacy in
the weapon and thus has no standing to complain if the cops
picked it up.  (See *Rakas v. Illinois* (1978) 439 U.S. 128, 134
[Fourth Amendment rights are personal rights, and a person
aggrieved by damaging evidence obtained in a seizure of another
person's property has suffered no violation of his or her Fourth
Amendment rights].)

### DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____

LUI, P.J.,                    CHAVEZ, J.,                    HOFFSTADT, J.

5